# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEDRO RAMOS RIVAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-CV-152-GKF-PJC |
| ) | |
| WALTER DINWIDDIE, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a habeas corpus action. Petitioner is a state inmate and appears *pro se*. Respondent has filed a "Response in Opposition to Petition for Writ of Habeas Corpus" (Dkt. # 7). Petitioner did not file a reply to the response. For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

Petitioner's claims attack the revocation of his suspended sentences entered in Ottawa County District Court, Case Nos. CF-1996-39 and CF-1996-44. The record reflects that in those cases, on April 23, 1997, Petitioner entered pleas of guilty to Unlawful Delivery of Controlled Dangerous Substance (Cocaine), one (1) count per case. He was sentenced to ten (10) years imprisonment, with all but the first 120 days suspended, in each case to be served concurrently. Thereafter, on August 13, 1998, following a 120 day judicial review, Petitioner's Judgments and Sentences were amended to reflect ten (10) years in custody with all but the first two (2) years suspended, to be served concurrently.

On May 13, 2003, motions to revoke suspended sentence were filed in both cases. That same day, a felony charge of False Personation was filed against Petitioner in Ottawa County District Court, Case No. CF-2003-215, and bench warrants issued for Petitioner's arrest. The bench

warrants were not served, however, until October 15, 2004. On October 18, 2004, Petitioner appeared in court where he was recognized as a foreign national and, pursuant to Article 36 of the Vienna Convention on Consular Relations, advised of his right to contact his consulate. Valdez v. State, 46 P.3d 703 (Okla. Crim. App. 2002). On October 19, 2004, he waived the twenty (20) day hearing requirement for revocation. A "Plea of Guilty Summary of Facts" was filed on November 22, 2004, and on January 18, 2005, Petitioner pled guilty to the charge of False Personation. On March 25, 2005, Petitioner appeared for sentencing in Case No. CF-2003-215, and for hearing on the motions to revoke filed in Case Nos. CF-1996-39 and CF-1996-44. See Dkt. # 7, Ex. 4. During the hearing, he stipulated to the allegations in the motions to revoke suspended sentence. See id. The trial court judge revoked the eight (8) year suspended sentences in each case and ordered Petitioner to serve the sentences concurrently. He was also sentenced to fifteen (15) years on the False Personation conviction, to be served consecutive to the revoked suspended sentences. During the revocation/sentencing proceeding, Petitioner was represented by attorney Marilyn Beilke. At Petitioner's request, Ricardo Carrillo served as interpreter.

Petitioner appealed the revocation of his suspended sentences to the OCCA. Represented by attorney Patti J. Palmer, he raised three (3) propositions of error, as follows:

> Proposition 1: The prosecution failed to offer competent evidence with which to support the trial court's decision to revoke Appellant's suspended sentences.
>
> Proposition 2: The Appellant's rights to due process were violated by the Court not providing a statement through the transcript or in its written order which stated what evidence was relied on and what reasons were given to support the revocation of the Appellant's suspended sentences.
>
> Proposition 3: Appellant was denied due process when he was not provided a Spanish language interpreter who was qualified to provide accurate language interpretation.

(Dkt. # 7, Ex. 1). By Order filed April 7, 2006, in Case No. RE-2005-324 (id., Ex. 3), the OCCA found no error and affirmed the revocation of Petitioner's suspended sentences.

Petitioner filed the instant federal habeas corpus petition on March 12, 2007 (Dkt. # 1). He raises the same three (3) claims presented to the OCCA in his revocation appeal. (Dkt. # 1). In response to the petition, Respondent asserts that Petitioner is not entitled to habeas relief.

*ANALYSIS*

**A. Exhaustion requirement is satisfied in this case**

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)). The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman, 501 U.S. at 731. To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the Oklahoma Court of Criminal Appeals. See Picard v. Conner, 404 U.S. 270, 275-76 (1971). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). In this case, Respondent concedes and the Court agrees that Petitioner exhausted his habeas claims by presenting them to the OCCA in his revocation appeal.

**B. Claims adjudicated by the OCCA**

By Order filed March 14, 2007, the Court determined that this matter would be adjudicated as a 28 U.S.C. § 2241 petition for writ of habeas corpus. See Stoltz v. Sanders, Nos. 00-6188, 00-6288, 2000 WL 1730894 (10th Cir. Nov. 22, 2000) (unpublished) (holding petitioner's challenge

3

to revocation of his suspended sentence challenged execution of his sentence, rather than its validity, and was therefore construed as petition filed under 28 U.S.C. § 2241). However, in other unpublished decisions, the Tenth Circuit has not distinguished a petition challenging a state revocation proceeding as a 28 U.S.C. § 2241 petition and has analyzed the petitions under 28 U.S.C. § 2254. See Morales v. Jones, 2009 WL 2244899, *3 (W.D. Okla. July 27, 2009) (compiling list of Tenth Circuit cases). Although not entirely clear, the weight of authority seems to favor application of the well-established deferential standard of review prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") with respect to habeas petitions challenging the revocation of a suspended sentence. See id. (citing Lowe v. Dinwiddie, 163 Fed.Appx. 747, 748 (10th Cir. Jan. 19, 2006) (unpublished) (holding "AEDPA's provisions apply to this case" challenging revocation of suspended sentence); Lynch v. O'Dell, 163 Fed.Appx. 704, 706 (10th Cir. Jan. 18, 2006) (unpublished) (applying AEDPA standard of review to issue of sufficiency of the evidence to support revocation of state prisoner's sentence)).

Under the AEDPA standard, Petitioner must show that the OCCA's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, Petitioner has not made the showing required under § 2254(d), (e). The Court will address each of his three claims.

4

**1. Competent evidence**

As his first proposition of error, Petitioner asserts that the prosecution failed to offer competent evidence to support the revocation of his suspended sentences. He specifically states that "counsel's statement that Petitioner had pled to the offense of false personation is not competent evidence with which to support the trial court's decision to revoke." See Dkt. # 1. Petitioner raised this claim in his revocation appeal, where it was rejected. See Dkt. # 7, Ex. 3. The OCCA ruled as follows:

> In *Nelson v. State*, 1985 OK CR 122, ¶ 6, 706 P.2d 549, we held that a stipulation alone is sufficient to support revocation. The State is not required to present any additional evidence. *See also, Robinson v. State*, 1991 OK CR 44, ¶¶ 2-3, 809 P.2d 1320. In the present case Appellant stipulated to the new charge and counsel for Appellant stated that by stipulating, Appellant hoped he would be given a decrease in the amount of time to be served based on his acceptance of responsibility with the stipulation.

See id.

Under Oklahoma law, the applicable standard for revoking a suspended sentence is a preponderance of the evidence. See United States v. Cantley, 130 F.3d 1371, 1376 (10th Cir. 1997) (recognizing Oklahoma's preponderance of the evidence standard); Bumgarner v. Middleton, No. 94-7003, 1995 WL 275718, at *2 (10th Cir. May 10, 1995) (unpublished); Morishita v. Morris, 702 F.2d 207, 210 (10th Cir. 1983) (probation revocation is based on a "preponderance of the evidence rather than proof beyond a reasonable doubt"); Fleming v. State, 760 P.2d 206, 207 (Okla. Crim. App. 1988) (proof required to revoke suspended sentence is preponderance of evidence that accused violated terms of his suspension). In this case, the OCCA held that sufficient evidence supported the revocation. Whether that holding is reviewed under 28 U.S.C. § 2254(d)(1) or (2), this Court finds that the OCCA's ruling must be upheld because it is neither based on an unreasonable factual

5

determination in light of evidence presented in the state court proceedings, nor is it an unreasonable application of clearly established federal law. Boltz v. Mullin, 415 F.3d 1215, 1230 (10th Cir. 2005) (noting that Tenth Circuit has not decided whether a sufficiency of the evidence claim presents a question of law reviewed under § 2254(d)(1) or a question of fact reviewable under § 2254(d)(2)).

During the hearing held March 25, 2005, counsel for Petitioner stipulated and the trial court confirmed that Petitioner pled guilty to the felony charge of False Personation filed in Ottawa County District Court, Case No. CF-2003-215. See Dkt. # 7, Ex. 4, Hr'g Trans. at 7, 13. Under Oklahoma law and the preponderance of the evidence standard applicable to a revocation proceeding, a reasonable fact-finder could conclude that Petitioner was guilty of False Personation and that he had, therefore, violated the terms of his probation, see Dkt. # 7, Ex. 5 at ¶ 9. The evidence supporting the revocation of Petitioner's suspended sentences was competent and sufficient. He is not entitled to habeas corpus relief on this ground.

**2. Due process violation**

As his second proposition of error, Petitioner claims that his right to due process was violated because the trial court failed to make a record to insure that his stipulation was voluntary. See Dkt. # 1. On revocation appeal, the OCCA, citing McCaskey v. State, 781 P.2d 836 (Okla. Crim. App. 1989), stated that "[d]ue process rights of a probationer may be satisfied by the trial court stating on the record the reasons for revocation," and rejected the claim because the record reflects that the trial judge "based the revocation upon Appellant's stipulation." See Dkt. # 7, Ex. 3.

It is well settled that revocations of parole and probation are not a part of a "criminal prosecution," and that such proceedings are subject to "minimum requirements of due process." Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (parole revocations); Gagnon v. Scarpelli, 411 U.S.

778, 781, 786 (1973) (adopting Morrissey in probation revocations). Those minimum requirements include:

> (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body . . . and (f) a written statement by the factfinder as to evidence relied on and reasons for revoking [probation or] parole.

Gagnon, 411 U.S. at 786 (quoting Morrissey, 408 U.S. at 489). "The decision to revoke probation is generally predictive and subjective in nature" and the "flexible, informal nature of the revocation hearing . . . does not require the full panoply of procedural safeguards associated with a criminal trial." Black v. Romano, 471 U.S. 606, 613 (1985) (citing Gagnon, 411 U.S. at 787-90 and Morrissey, 408 U.S. at 489-90). Accordingly, the Supreme Court has held that traditional rules of evidence generally do not apply in parole and revocation proceedings. Morrissey, 408 U.S. at 489 ("[T]he process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial"). See also Gilbert v. State, 765 P.2d 807, 809 (Okla. Crim. App. 1988) (applying the principles set forth in Morrissey and Gagnon to due process challenge to revocation hearing). Under Oklahoma law, a revocation hearing is:

> an exercise of the court's supervision over a probationer. The court maintains continuing jurisdiction via a judgment and sentence which imposes subsequent conditions upon defendant's freedom, conditions to which defendant agrees to abide. There is no adjudication of guilt or innocence upon the court's entry of its order upon an application to revoke. The court has only made a factual determination involving the existence of a violation of the terms of the suspended sentence. The consequence of judicial revocation is to execute a penalty previously imposed in the judgment and sentence.

Moore v. State, 644 P.2d 1079, 1081 (Okla. Crim. App. 1982) (citation omitted).

In this case, Petitioner alleges that his right to due process was violated when the trial court failed to make a record demonstrating that his stipulation to the motions to revoke was voluntarily entered. He also complains that he was not given the opportunity to be heard in person, to present witnesses and documentary evidence, and to confront and cross-examine adverse witnesses. However, as indicated above, the trial court held a hearing on March 25, 2005, for the purpose of sentencing Petitioner in Case No. CF-03-215, and to consider revocation of the suspended sentences in Case Nos. CF-96-39 and CF-96-44. Petitioner had already entered his plea of guilty in Case No. CF-03-215. See Docket Sheet for Case No. CF-03-215, viewed at www1.odcr.com (reflecting that on November 22, 2004, Petitioner entered a "Plea of Guilty Summary of Facts," and on January 18, 2005, Petitioner appeared and stipulated to the charge and entered his plea of guilty).[1] At the hearing held March 25, 2005, Petitioner was provided the opportunity to be heard, to present witnesses and evidence, and to confront and cross-examine adverse witnesses. However, based on Petitioner's plea of guilty in Case No. CF-2003-215, defense counsel stipulated to the motions to revoke suspended sentences. The guilty plea provided the reason for the revocation of Petitioner's suspended sentences. The record from the hearing held March 25, 2005, reflects that Petitioner received all of the process he was due under Morrissey and Gagnon. Petitioner is not entitled to habeas relief on this claim.

**3. Qualified interpreter**

---

[1] The docket sheet reflects that during the pendency of this federal habeas action, Petitioner has continued efforts to obtain relief from the state courts in Ottawa County District Court, Case No. CF-2003-215. However, neither party to this action has apprised this Court of any rulings by the state courts impacting Petitioner's claims in this matter.

As his final proposition of error, Petitioner complains that his right to due process was violated because he was not provided a "qualified" Spanish language interpreter. See Dkt. # 1. The OCCA rejected this claim, finding that Petitioner (1) "brought with him a translator of his choice that he had previously utilized," (2) "did not advise the trial court that the translator he brought with him was not qualified," and (3) made no "request to the trial court for a translator to be provided." See Dkt. # 7, Ex. 3. Under 28 U.S.C. § 2254(e)(1), those findings of fact by the OCCA are presumed correct unless rebutted by clear and convincing evidence.

To the extent the claim raised in the habeas petition concerns the qualifications of the interpreter present during revocation proceedings, Petitioner has failed to rebut the factual findings made by the OCCA with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). The transcript from the revocation hearing reflects that the prosecutor stated for the record without objection that Petitioner was "present with a translator of his choice that he's brought in." See Dkt. # 7, Ex. 4 at 14. The interpreter informed the trial court that his name was Ricardo Carrillo. Id. The transcript also reflects that Petitioner never objected to the quality of the interpretation. See Dkt. # 7, Ex. 4. Furthermore, at the conclusion of hearing, the trial court judge asked Petitioner, "Do you fully understand your rights to appeal?" The interpreter conferred with Petitioner and answered, "Yes, and he would like to appeal." See id. at 13. Petitioner has provided nothing to suggest that he ever advised the trial court that the translator he brought with him was not qualified or that he requested a different translator.

The Court notes that in his petition, Petitioner focuses his argument on his assertions that he "had no interpreter to read or translate twenty day waiver" and that he "was prejudiced when he was not provided a Spanish language interpreter who was qualified, particularly at the signing of the

9

twenty day waiver because without the waiver there would be no jurisdiction to revoke suspended sentence beyond twenty day date under the applicable state law." See Dkt. # 1 at 7A.² Petitioner is not entitled to habeas relief on this claim, however, because he has failed to present clear and convincing evidence to rebut the OCCA's finding of fact that he made no request to the trial court for a translator to be provided. "Only if the defendant makes any difficulty with the interpreter known to the court can the judge take corrective measures. To allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation, would be an open invitation to abuse." Valladares v. United States, 871 F.2d 1564, 1566 (11th Cir. 1989). Petitioner provides no evidence supporting either his allegation that no interpreter was present when he executed the "20 day waiver" or, if in fact no interpreter was present, that he requested an interpreter when he executed the "20 day waiver." Therefore, he has failed to rebut the presumption of correctness afforded the OCCA's finding of fact that he did not request a translator. The Court concludes that Petitioner is not entitled to habeas relief on this claim.

---

²Oklahoma law provides for revocation of a suspended sentence, in pertinent part, as follows:

> Whenever a sentence has been suspended by the court after conviction of a person for any crime, the suspended sentence of the person may not be revoked, in whole or part, for any cause unless a petition setting forth the grounds for such revocation is filed by the district attorney with the clerk of the sentencing court and competent evidence justifying the revocation of the suspended sentence is presented to the court at a hearing to be held for that purpose within twenty (20) days after the entry of the plea of not guilty to the petition, unless waived by both the state and the defendant
> . . . .

Okla. Stat. tit. 22, § 991b(A) (Supp. 2002).

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate judgment shall be entered in this case.

DATED THIS 4th day of February, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma